# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **WINN-DIXIE STORES, INC., ET AL.** | **CIVIL ACTION** |
| **VERSUS** | |
| **H&R BATON ROUGE, LLC, ET AL.** | **NO. 17-643-JWD-RLB** |

## ORDER

Before the Court is Plaintiffs' Motion for Extension of Time to Amend Complaint and for Leave to Propound Jurisdictional Discovery (R. Doc. 4) filed on October 16, 2017. The deadline for filing an opposition has not expired. LR 7(f).

On September 14, 2017, Winn-Dixie Stores, Inc. and Winn-Dixie Montgomery Leasing, LLC ("Plaintiffs") commenced this action against H&R Baton Rouge, LLC and H&R Property Management (US), LTD ("Defendants"). (R. Doc. 1). Plaintiffs assert that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (R. Doc. 1 at 2). Plaintiffs do not assert any other basis for the Court's subject matter jurisdiction.

On September 22, 2017, the Court set the deadline for the parties to file a joint status report on November 16, 2017, and set a scheduling conference on November 30, 2017. (R. Doc. 2).

On October 3, 2017, the Court issued an order pursuant to 28 U.S.C. § 1653 requiring Plaintiffs to amend their Complaint on or before October 16, 2017 to properly allege the citizenship of Winn-Dixie Stores, Inc., Winn-Dixie Montgomery Leasing, LLC, and H&R Baton Rouge, LLC. (R. Doc. 3).

On October 16, 2017, Plaintiffs filed the instant motion. (R. Doc. 4). Plaintiffs allege that they are "readily able to identify the members of Winn-Dixie Leasing and are prepared to

identify those members in the Amended Complaint." (R. Doc. 4 at 2).  Plaintiffs further assert, however, that after conducting research, they have been unable to identify the members of H&R Baton Rouge, LLC and, accordingly, cannot assert the citizenship of that entity at this time. (R. Doc. 4 at 2-3).

Plaintiffs represent that they have not served process on the Defendants and intend on doing so within thirty days of the date of their motion. (R. Doc. 4).  Plaintiffs seek leave to conduct jurisdictional discovery once process has been served; request that the Court shorten H&R Baton Rouge, LLC's time to respond to such discovery; and request that the deadlines set in the Court's September 22, 2017 order be stayed until service is effected, jurisdictional discovery is completed, and the Complaint is amended. (R. Doc. 4 at 3).

The decision whether to allow jurisdictional discovery rests within the sound discretion of the district court. *Monkton Ins. Servs., Ltd. v. Ritter*, 768 F.3d 429, 434 (5th Cir. 2014) (citing *Davila v. United States*, 713 F.3d 248, 263-64 (5th Cir. 2013)).

Considering that Defendants have not yet been served and have not had an opportunity to address the relief sought in the instant motion, the Court will deny Plaintiff's request for jurisdictional discovery as premature.  Plaintiffs are encouraged to seek the required jurisdictional information from H&R Baton Rouge, LLC through informal or formal means during or after the parties' Rule 26(f) conference.

Similarly, the Court finds it premature to modify its status report deadline and scheduling conference date at this time.  The Court will extend those deadlines as necessary based upon whether Defendants are served and make an appearance prior to the deadlines set by the Court.

To the extent necessary, the Court will discuss outstanding jurisdictional issues at scheduling conference and will set a new deadline for Plaintiffs to file an Amended Complaint pursuant to 28 U.S.C. § 1653.

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's Motion is **DENIED without prejudice to refile**.

Signed in Baton Rouge, Louisiana, on October 19, 2017.

                                        **RICHARD L. BOURGEOIS, JR.**
                                        **UNITED STATES MAGISTRATE JUDGE**